[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Frank Mercede Sons, Inc., brings the present cause of action alleging breach of contract and slander of title against the defendant, Tisehler Und Sohn (USA) Ltd. The defendant CT Page 15631 moved (#105) to dismiss count two of the complaint claiming that the plaintiff lacks standing to allege slander of title since the plaintiff does not own or hold an interest in this property.
The plaintiff entered into a general contract to build the Edgehill Continuing Care Retirement Community. The defendant, a subcontractor on the project, filed a mechanic's lien on the relevant property. The defendant has provided documentation indicating that Continuing Care Retirement Community of Greater Stamford, Inc., not the plaintiff, is the owner of the property that is the subject of the mechanic's lien. The plaintiff contends that it may bring the present action against the defendant because various contractual provisions in its general contract result in pecuniary losses to the plaintiff due to the defendant's alleged slander of title.
"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless [one] has, in an individual or representative capacity, some real interest in the cause of action. . . . Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved. The fundamental test for establishing classical aggrievement is well settled: [F]irst, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision. . . . Second, the party claiming aggrievement also must demonstrate that its asserted interest has been specially and injuriously affected in a way that is cognizable by law." (Citations omitted; internal quotation marks omitted.) Crone v. Gill, 250 Conn. 476, 479-80,736 A.2d 131 (1999).
The court concludes that the plaintiff has failed to demonstrate that it has standing to bring a claim for slander of title based upon a statutory provision or classical aggrievement. "`A cause of action for slander of title consists of the uttering or publication of a false statement derogatory to the plaintiff's title, with malice, causing special damages as a result of diminished value of the plaintiff's property in the eyes of third parties. The publication must be false, and the plaintiff musthave an estate or interest in the property slandered. Pecuniary damages must be shown in order to prevail on such a claim.'" (Emphasis added.) Franklin Credit Management Corp. v. Nicholas,
Superior Court, judicial district of New London at New London, Docket No. 546721 (April 27, 1999, Parker, J.), quoting CT Page 15632 50 Am.Jur.2d, Libel and Slander, § 554 (1995).
The plaintiff has not demonstrated any interest or estate in the property owned by Continuing Care Retirement Community of Greater Stamford, Inc. Instead, the plaintiff asserts injuries arising out of a contract, not a property interest. Since the plaintiff does not have standing to assert the property rights of a third party, this court does not have subject matter jurisdiction over the plaintiff's claim of slander of title.
Therefore, the defendant's motion to dismiss count two of the complaint is granted.
So Ordered.
Dated at Stamford, Connecticut, this 2nd day of December, 1999.
William B. Lewis, Judge